NO. 24798

| | | |
|---|---|---|
| GERRI A. TILLERY | )( | IN THE COUNTY COURT |
| | )( | |
| VS. | )( | AT LAW NO. 2 |
| | )( | |
| STATE FARM LLOYDS | )( | |
|    INSURANCE COMPANY | )( | ORANGE COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES now GERRI A. TILLERY, Plaintiff, and files this her original petition complaining of STATE FARM LLOYDS INSURANCE COMPANY, and for cause of action would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery on a Level 1 discovery plan as set forth in TRCP Rule 194, as amended, and will file an agreed scheduling order with the Court as soon as is reasonably practical.

### PARTIES

2. Plaintiff, GERRI A. TILLERY, is an individual residing in Orange County, Texas.

3. Defendant, STATE FARM LLOYDS INSURANCE COMPANY, is a corporation of some state engaged in the business of insurance in Texas. The cause of action asserted in this petition arose from or is connected with purposeful acts committed by this Defendant. Defendant may be served with process by serving Corporation Service Company, 211 E. 7th Street, Suite 20, Austin, Texas 78701-3218.

## JURISDICTION

4.     The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.     The Court has jurisdiction over Defendant, STATE FARM LLOYDS INSURANCE COMPANY, because the Defendant is engaged in the business of insurance in the State of Texas and the Plaintiff's cause of action arises from the Defendant's business activities in the State of Texas.

## VENUE

6.     Venue is proper in Orange County, Texas, because the insured property is situated in Orange County, Texas (TEX.CIV.PRAC.& REM. CODE §15.032) and because all or a substantial part of the events or omissions giving rise to the claim occurred in Orange County, Texas (TEX.CIV.PRAC.& REM. CODE §15.002).

7.     The Plaintiff is seeking monetary relief of $74,914.39 for damages to her home, a late payment penalty of $7,491.00, and attorney's fees of $5,000, for a total of $87,405.39.  Plaintiff will submit this case to the trier of fact for a fair, equitable and just amount of compensation.  Plaintiff reserves her right to amend this petition at a later date after discovery has been completed.

## NOTICE

8.     The Plaintiff has met all notice requirements to the Defendant, STATE FARM LLOYDS INSURANCE COMPANY, as required by the Texas Insurance Code.

## FACTS AND CAUSE OF ACTION

9. Plaintiff is the owner of insurance policy No. 53-E6-W35-6 (hereinafter referred to as "the Policy"), which was issued by Defendant, STATE FARM LLOYDS INSURANCE COMPANY.

10. Plaintiff owns the insured property, which is specifically located at 1808 Wilson Avenue, Orange, Texas 77632 (hereinafter referred to as "the Property").

11. Defendant, STATE FARM LLOYDS INSURANCE COMPANY, sold the Policy insuring the Property to the Plaintiff.

12. On or about August 27, 2020, Hurricane Laura struck Orange County, Texas causing severe damage to homes and businesses throughout the Gulf Coast region of Texas, including the Plaintiff's property.

13. As a result of the storm, the Plaintiff filed an insurance claim with STATE FARM LLOYDS INSURANCE COMPANY for the damages to her property.

14. Plaintiff submitted a claim to STATE FARM LLOYDS INSURANCE COMPANY under the Policy for roof damage to her home as a result of Hurricane Laura.

15. Plaintiff asked that STATE FARM LLOYDS INSURANCE COMPANY cover the cost of all repairs necessary to restore her Property pursuant to the Policy. The insurance company assigned adjusters to the Plaintiff's claim.

16. As detailed below, STATE FARM LLOYDS INSURANCE COMPANY, wrongfully denied Plaintiff's claim for the replacement of her roof, even though the Policy provided coverage for losses such as those suffered by the Plaintiff.

STATE FARM LLOYDS INSURANCE COMPANY continues to deny payment of the damages to the Property. As such the Plaintiff has not been paid in full for the damages to her Property deemed to be $74,914.39, plus a late payment penalty of $7,491.00, and attorney fees of $5,000.00, for a total of $87,405.39.

17. Defendant, STATE FARM LLOYDS INSURANCE COMPANY, and its employee adjuster failed to perform her contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, STATE FARM LLOYDS INSURANCE COMPANY, refused and continues to refuse to pay the proceeds under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. STATE FARM LLOYDS INSURANCE COMPANY'S conduct constitutes a breach of the insurance contract between STATE FARM LLOYDS INSURANCE COMPANY and Plaintiff.

18. Defendant, STATE FARM LLOYDS INSURANCE COMPANY, and its employee adjuster misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(A)(1).

19. Defendant, STATE FARM LLOYDS INSURANCE COMPANY, and its employee adjuster failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of its liability to Plaintiff under the Policy.

Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20. Defendant, STATE FARM LLOYDS INSURANCE COMPANY, and its employee adjuster failed to explain to Plaintiff the reasons for its denial of her claim. Specifically, Defendant failed to offer Plaintiff adequate compensation, without a proper explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide an adequate explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21. Defendant, STATE FARM LLOYDS INSURANCE COMPANY, refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22. Defendant, STATE FARM LLOYDS INSURANCE COMPANY, failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim

longer than allowed and, to date Plaintiff has not yet received payment for her claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542, Subchapter B (including Sections 542.055, 542.056, 542.058).

23.     From and after the time Plaintiff's claim was presented to Defendant, STATE FARM LLOYDS INSURANCE COMPANY, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear had an adequate investigation been made.  However, Defendant has refused and continues to refuse to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.     Defendant, STATE FARM LLOYDS INSURANCE COMPANY'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060.  All violations under this article are made actionable by TEX. INS. CODE. §541.151.

25.     Defendant, STATE FARM LLOYDS INSURANCE COMPANY, is liable to Plaintiff for intentional breach of contract as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

26. Defendant, STATE FARM LLOYDS INSURANCE COMPANY'S conduct constitutes a breach of the insurance contract made between Defendant, STATE FARM LLOYDS INSURANCE COMPANY, and Plaintiff.

27. Defendant, STATE FARM LLOYDS INSURANCE COMPANY'S failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant, STATE FARM LLOYDS INSURANCE COMPANY'S insurance contract with Plaintiff.

28. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

29. Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.  .

30. As previously mentioned, Hurricane Laura substantially damaged the Plaintiff's roof.  Plaintiff has mitigated her damages, but the damages have not been properly addressed or repaired since the storm due to STATE FARM LLOYDS INSURANCE COMPANY'S failure to pay for the new roof, causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant, STATE FARM LLOYDS INSURANCE COMPANY, mishandling of Plaintiff's claim in violation of the laws set forth above.

31. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney fees, penalties and interest.

32. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18%) percent penalty of the amount of such claims as damages, together with attorney's fees in the amount of $10,000.

33. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

34. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or Supreme Court of Texas. Plaintiff pleads for an award of $10,000 as attorney's fees, which may be adjusted upward as this case proceeds toward trial.

### Appraisal

35. If the insured damages of the Plaintiff is determined by appraisal, the Plaintiff is still entitled to recover all of the additional penalties and damages prayed for in this petition.

### REQUESTS FOR DISCLOSURE TO DEFENDANT STATE FARM LLOYDS INSURANCE COMPANY

36. **Under Texas Rules of Civil Procedure, the Defendant is required to make mandatory disclosures within 30 days from its date of answer.**

### PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that the Defendant be cited to appear and answer, and upon trial hereof, Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages and any other damages that they may be entitled to under the statutes of the State of Texas and the Texas Insurance Code, which would be a late payment penalty in the amount of ten (10%) per cent of the Plaintiff's damages. Plaintiff requests that the award of attorney's fees for the trial and any appeal of this case, for all costs of court in her behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

SMITH LAW FIRM

By _____
John Cash Smith
State Bar No. 18628000
1006 Green Avenue
Orange, TX 77630
(409) 886-7766
FAX (409) 886-7790
Johncash@smithlawfirmtx.com

ATTORNEY FOR Plaintiff